Jon G. Moog
Deputy Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
Tel.: (406) 442-1648
Fax: (406) 442-2685

Office of Disciplinary Counsel

**FILED**

APR 22 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BEFORE THE COMMISSION ON PRACTICE OF THE
SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF ROBERT C. MYERS, | Supreme Court No. PR- |
| An Attorney at Law, | ODC File No. 15-133 |
| Respondent. | **COMPLAINT** |

PR 16-0245

Upon leave of the Commission on Practice granted on April 13, 2016, the Office of Disciplinary Counsel for the State of Montana hereby charges Robert C. Myers with professional misconduct as follows:

### General Allegations

1. Robert C. Myers, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2010, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

Complaint - Page 1

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

### Count One

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. On June 16, 2014, Judge Jeffrey Langton of the Twenty-First Judicial District Court, Ravalli County, issued *Findings of Fact, Conclusions of Law and Order Assessing M.R.Civ.P. 11(b) Sanctions Against Respondent's Counsel Robert C. Myers* ("the sanction order").

5. The 42-page sanction order was issued in a domestic relations case (*In re: the Marriage of Sara Cox v. Daniel Cox* ("Daniel"), Ravalli County District Court Cause No. DR-10-35) and resulted from Respondent's post-hearing representation of Daniel both before the District Court and the Montana Supreme Court (Case No. DA 12-0774). Daniel appeared *pro se* at the dispositive hearing on September 10 and 13, 2012, and then retained Respondent to pursue an appeal or other post-judgment remedies in December 2012.

6. On June 25, 2013, the Montana Supreme Court dismissed Daniel's appeal for failure to file an opening brief.

7. On December 6, 2013, Respondent filed a *Motion for Relief from Proceedings* ("Rule 60 Motion") in the District Court pursuant to Rule 60(b) and (d), M.R.Civ.P.

8. On December 27, 2013, Respondent filed a *Motion, Brief, and Certification of Counsel of Record for Disqualification of the Hon. Judge Jeffrey H. Langton* ("Disqualification

Motion") which was supported by Daniel's affidavit alleging bias against him. Pursuant to statute, the Disqualification Motion was referred to the Montana Supreme Court.

9. On February 18, 2014, the Montana Supreme Court denied the Disqualification Motion (Case No. PR 06-0120).

10. On February 25, 2014, Judge Langton received a subpoena by mail from Respondent directing his appearance for a deposition ("the deposition subpoena") in connection with the Rule 60 Motion.

11. On March 4, 2014, Judge Langton issued an *Opinion and Order* denying the Rule 60 Motion, quashing the deposition subpoena, and, pursuant to Rule 11(c)(3), M.R.Civ.P., ordered Respondent to appear and show cause on April 9, 2014, why his conduct has not violated Rule 11(b)(1)-(3), M.R.Civ.P.

12. In issuing the District Court's *Opinion and Order*, Judge Langton considered all of Respondent's filings in conjunction with the dismissed direct appeal, the Rule 60 Motion, and the Disqualification Motion proceedings.

13. Judge Langton preliminarily found that none of Respondent's factual contentions appeared to have even a minimum quantum of evidentiary support.

14. Moreover, Judge Langton found that Respondent's legal contentions were not warranted by existing law or nonfrivolous argument for modifying existing law, with the majority of contentions not even supported by developed argument.

15. At the show cause hearing on April 9, 2014, Respondent appeared with counsel Robert Phillips and testified concerning his conduct.

16. After the show cause hearing, Judge Langton determined in the sanction order that much of Respondent's testimony was not credible.

17. Judge Langton determined that Respondent had failed to adequately review the record in the case.

18. Judge Langton determined that Respondent had failed to make any inquiry to determine whether his factual contentions in his Rule 60 Motion and supporting briefs had even a minimum of evidentiary support.

19. Judge Langton determined that Respondent's intransigence in maintaining his assertion of factual contentions in the absence of evidentiary support and, in some instances, despite evidence in the record to the contrary, was highly troubling.

20. Judge Langton determined that Respondent had squandered Daniel's right of direct appeal by failing to timely file an opening brief.

21. Judge Langton determined that Respondent had squandered Daniel's right of review on claims of surprise and fraud by his failure to timely file the Rule 60 Motion.

22. Judge Langton determined that because Respondent failed to research the majority of his legal contentions, they were not supported by developed argument or legal authority, and in the rare instances when Respondent attempted to develop argument, it was largely incomprehensible.

23. Judge Langton determined that Respondent failed to make good faith legal arguments for the majority of his asserted legal contentions.

24. Judge Langton determined that Respondent used highly inflammatory language to make baseless accusations of conspiracy, fraud, bias, unethical behavior, and illegal acts against numerous people, including Judge Langton himself.

25. Judge Langton determined that Respondent's conduct in using such highly inflammatory language far exceeded the exercise of mere hyperbole or excited overstatement.

26. Judge Langton determined that Respondent's Rule 60 Motion filings were presented for the improper purpose of harassing the adverse party, her attorneys, her witnesses, and the Court and its staff, which caused unnecessary delay and needlessly increased the cost of litigation and the expenditure of judicial resources.

27. Judge Langton determined that Respondent had done more than just play fast and loose with the facts as he created extraordinary facts out of whole cloth for which he might later find evidentiary support.

28. Judge Langton determined that Respondent had no compunction about making legal contentions he could not support with legal authorities or developed argument.

29. Judge Langton determined that Respondent had asserted baseless factual contentions impugning the District Court's integrity with reckless disregard for their truth or falsity.

30. Judge Langton determined that Respondent's baseless assertions against adverse counsel had called into question their ethics and may have damaged their professional reputations.

31. Judge Langton determined, as a matter of law, that Respondent violated Rule 3.1(a), MPRC, which violation raises a substantial question regarding Respondent's honesty and fitness to practice law.

32. Judge Langton determined, as a matter of law, that Respondent violated Rule 8.2(a), MPRC, which violation raises a substantial question regarding Respondent's honesty and fitness to practice law.

33. As a sanction, Judge Langton imposed a $10,000 fine to be paid to the Ravalli County Clerk of Court and referred the matter to ODC.

34. On May 19, 2015, the Montana Supreme Court affirmed Judge Langton's sanction order in Case No. DA 14-0389, with a non-cite opinion published at 2015 MT 134N. Respondent's petition for rehearing was denied by order filed June 30, 2015.

35. In or about July 2015, Respondent paid the $10,000 sanction to the Ravalli County Clerk of Court and the funds were then deposited into the State General Fund.

36. By his conduct outlined above and as sanctioned by Judge Langton, Respondent violated Rule 3.1(a), MRPC.

37. By his conduct outlined above and as sanctioned by Judge Langton, Respondent violated Rule 8.2(a), MRPC.

## Count Two

38. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 35 of Count One as if fully restated in this Count Two.

39. By his conduct in issuing a subpoena to Judge Langton while he was the presiding judge in the litigation, Respondent violated Rule 3.5(c), MRPC, as such conduct was intended to disrupt a tribunal.

## Count Three

40. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 35 of Count One as if fully restated in this Count Three.

41. In representing Daniel, Respondent failed to act competently in representing his interests before the District Court and the Montana Supreme Court.

42. By his conduct outlined above, Respondent violated Rule 1.1, MRPC.

Complaint - Page 6

## Count Four

43. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations, paragraphs 4 through 35 of Count One, paragraph 39 of Count Two, and paragraph 41 of Count Three, as if fully restated in this Count Four.

44. By his conduct outlined above, Respondent violated Rule 8.4(d), MRPC, as such conduct was prejudicial to the administration of justice.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 21 day of April, 2016.

Jon G. Moog
Deputy Disciplinary Counsel

ATTEST A TRUE COPY

ED SMITH
CLERK OF SUPREME COURT
STATE OF MONTANA