FILED

07/15/2016
*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 16-0411

1  Jon G. Moog
   Deputy Disciplinary Counsel
2  P.O. Box 1099
   Helena, MT 59624-1099
3  Tel.: (406) 442-1648
   Fax: (406) 442-2685
4
   Office of Disciplinary Counsel
5



JUL 15 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

6

7          BEFORE THE COMMISSION ON PRACTICE OF THE
8           SUPREME COURT OF THE STATE OF MONTANA
9                  * * * * * * * * * * * * *

10  IN THE MATTER OF ROBERT C. MYERS,   )   Supreme Court No.
                                         )
11  An Attorney at Law,                  )   ODC File No. 16-087
                                         )
12  Respondent.                          )   COMPLAINT
                                         )
13  _____)

14

15      Upon leave of the Commission on Practice granted on July 14, 2016, the

16  Office of Disciplinary Counsel for the State of Montana hereby charges Robert C.

17  Myers with professional misconduct as follows:

18                          General Allegations

19

20      1. Robert C. Myers, hereinafter referred to as Respondent, was admitted

21  to the practice of law in the State of Montana in 2010, at which time he took the

22  oath required for admission, wherein he agreed to abide by the Rules of

23  Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and

24

25

Complaint - Page 1

the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

Count One

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. Respondent is a candidate for district court judge in Ravalli County, Montana, for the Twenty-First Judicial District Court. Judge Jeffrey Langton is the incumbent.

5. Beginning on or about June 1, 2016, and continuing for approximately five weeks, Respondent's judicial campaign aired the following radio advertisement on numerous stations in the Missoula and Ravalli County areas, up to 58 times per week:

> This is Dan Cox and I have a warning for you. I caught Judge Langton committing fraud on the court. He was secretly communicating with attorneys for the other party. He denied me a chance to respond and prevented me from fully representing my case. Robert Myers was the only attorney who helped me stand up to this corruption. All I was asking for was a new judge to determine how his conduct affected my ability to have a fair hearing. Not only did Jeff Langton not allow a neutral judge to

look at his conduct, but he stopped all witnesses, including himself, from being questioned. He, of course, found himself innocent without a hearing. No judge should judge his own conduct. Shame on Judge Langton for retaliating against my lawyer. And shame on Judge Langton for not giving me and my children a fair hearing.

6. As already alleged in Montana Supreme Court Cause PR 16-0245, ODC File No. 15-133, hereby incorporated by reference, Respondent was personally sanctioned under Rule 11, M.R.Civ.P., by Judge Langton for making legally and factually unsupported arguments on behalf of Dan Cox in post-judgment proceedings before the Twenty-First Judicial District Court. The proceedings included a Rule 60 motion for relief, a motion to disqualify Judge Langton that was referred to the Montana Supreme Court, and a direct appeal that was dismissed for failure to file an opening brief.

7. Respondent was sanctioned in the amount of $10,000, which was affirmed on appeal to the Montana Supreme Court in Cause DA 14-0389, published non-cite opinion at 2015 MT 134N. Respondent's motion to disqualify Judge Langton was denied by the Montana Supreme Court on February 18, 2014.

8. The district court and appellate record in Dan Cox's case establish that he was provided with both notice and a right to be heard in all aspects of the proceedings, meeting the requirements of civil due process. Judge Langton presided over a two-day hearing concerning the child custody issues then pending before him. Dan Cox, at that time *pro se*, was afforded the opportunity to call and

examine witnesses and present evidence as well as verbal and written arguments. Following judgment, he exercised his right of appeal and to post-judgment motions.

9. The district court and appellate record in Dan Cox's case establish that Judge Langton did not have improper *ex parte* contact with adverse counsel.

10. The district court and appellate record in Dan Cox's case establish that he was not prevented from fully representing his case, but rather had a fair hearing.

11. The district court and appellate record in Dan Cox's case establish that Judge Langton did not commit fraud on the court or otherwise engage in corruption.

12. The district court and appellate record in Dan Cox's case establish that Judge Langton referred the disqualification motion to the Montana Supreme Court, which found no grounds for disqualification. As such, a neutral judge did review his conduct.

13. The district court and appellate record in Dan Cox's case establish that Judge Langton did not retaliate against Respondent; rather he reported Respondent's sanctioned conduct to ODC pursuant to his mandatory reporting obligation under Rule 2.16, Montana Code of Judicial Conduct ("MCJC").

14. On or about April 30, 2016, Respondent provided a written statement to the Ravalli Republic in response to ODC's formal Complaint in Cause PR 16-0245. In that statement, Respondent stated that Judge Langton was "caught engaging in secret communications with an opposing party," abused his position of power, and judged his own actions. In reality, however, Dan Cox was simply a losing litigant in a child custody matter, as established by the district court and appellate record, rendering Respondent's statements false.

15. By his conduct outlined above, Respondent violated Rule 8.1(a), MRPC, as he made, or caused to be made, statements that he knew to be false, or with reckless disregard for the truth, concerning the integrity of a judge.

16. By his conduct outlined above, Respondent violated Rule 8.4(c), MRPC, as he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

## Count Two

17. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 14 of Count One as if fully restated in this Count Two.

18. Because Respondent is a judicial candidate, Rule 8.2(b), MRPC, requires him to comply with applicable provisions of the Montana Code of Judicial Conduct (MCJC).

19. Rule 4.1(A)(10), MCJC, prohibits candidates from knowingly, or with reckless disregard for the truth, making any false statement.

20. Rule 4.1(B), MCJC, requires a candidate to take reasonable measures to ensure that other persons do not undertake, on behalf of the candidate, any activity prohibited by Rule 4.1(A).

21. The comments to Canon 4, MCJC, state that judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees.

22. Rule 4.2(A)(3), MCJC, requires a candidate to review and approve the content of all campaign statements and materials before their dissemination.

23. Rule 4.2(A)(4), MCJC, requires a candidate to take objectively reasonable measures to ensure that other persons do not undertake on behalf of the candidate any activities prohibited by Rule 4.1.

24. By making, or causing to be made, objectively false statements during his judicial campaign, Respondent violated Canon 4, MCJC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the complaint;

1
2    2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3
4
5    3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,
6
7
8
9
10   4. For such other and further relief as deemed necessary and proper.

11   DATED this ⁀5 day of July, 2016.
12
13
14                                        Jon G. Moog
15                                        Deputy Disciplinary Counsel
16
17
18
19
20
21
22
23
24
25

Complaint - Page 7