ORIGINAL

FILED
01/13/2017
*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: PR 17-0026

Jon G. Moog
Deputy Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
Tel.: (406) 442-1648
Fax: (406) 442-2685

Office of Disciplinary Counsel

FILED

JAN 13 2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BEFORE THE COMMISSION ON PRACTICE OF THE
SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF ROBERT C. MYERS, | Supreme Court No. |
| An Attorney at Law, | ODC File No. 16-186 |
| Respondent. | COMPLAINT |

Upon leave of the Commission on Practice granted on January 12, 2016, the Office of Disciplinary Counsel for the State of Montana hereby charges Robert C. Myers with professional misconduct as follows:

**General Allegations**

1. Robert C. Myers, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2010, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and

Complaint - Page 1

the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

## Count One

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. Respondent was a candidate for district court judge in Ravalli County, Montana, for the election held November 8, 2016. Judge Jeffrey Langton was the incumbent in the race.

5. In mid to late October 2016, Respondent produced several campaign advertisements.

6. One advertisement consisted of a mailer sent to residents of Ravalli County which the following content:

> *Did District Court Judge Jeff Langton sit in judgment of the ex-boyfriend of his cocaine and sex partner in case where she was the alleged victim?*
> *Sentencing him to 70 years in prison.*
>
> *Witnesses in a federal case have come forward with the confession of Heather Portner.*

Complaint - Page 2

*Portner confessed to these witnesses that she partied with Langton. That Portner and Langton did cocaine and that she and Langton's live-in-girlfriend would engage in sex with Langton in his hot tub.*

*Langton oversaw the sentencing of Portner's ex-boyfriend where Portner was the alleged victim. Langton did not recuse himself from the case nor did he inform the defendant of his relationship with Portner.*

*Portner asked Langton to give her ex-boyfriend the maximum sentence to which he complied despite the ex-boyfriend pleading to the charges.*

*Portner has also claimed to have the ability to influence cases before Langton by direct communication with him.*

*If this is a true confession, then it is a gross violation of Jeff Langton's ethical responsibilities as a judge.*

*It could results in a retrial wasting the hard work of our Ravalli County Sheriff's Department and your tax dollars.*

*This confession adds credibility to the stories of Langton's notorious hot tub parties and drug use while on the bench that are known to many in the Bitterroot.*

*Others have come forward with first-hand knowledge of Langton's drug use but are afraid of retaliation. Fear of retaliation was the primary reason that the recall petition against Langton failed according to the petitioner.*

7. Another advertisement consisted of a radio/internet commercial with the following content:

*Liquor Langton, Liquor Langton*
*He's the coke snorting, meth buying, drunken judge.*
*Has a 13-year-old bring him drugs.*
*First he blew a .19 and acted like it was no crime.*
*Broke probation and he never served time.*

Complaint - Page 3

> *Liquor Langton, Liquor Langton, Liquor Langton*
>
> *What kind of a man buys meth from a 13-year-old child?*
> *What kind of a man enforces the law on others but not himself?*
> *You don't have to support Jeff Langton's hypocrisy.*
> *Let's do what's right and vote Robert Myers for district judge.*
>
> *I'm Robert Myers and my campaign paid for this message.*

8. Another advertisement consisted of a radio/internet commercial with the following content:

> *On my way to my daughters' Christmas program,*
> *Jeff Langton took my girls and gave them to a sexual molester*
> *Who impregnated my precious 11-year-old daughter.*
> *I warned him, and my daughter was raped because he chose not to listen.*
> *Don't let your children suffer at the hands of Jeff Langton.*
> *Who bought meth from a 13-year-old after giving him alcohol*
> *And gave custody to a parent who intoxicated her 12-year-old child.*
> *Don't let Jeff Langton destroy another life with his dangerous and incompetent judgement.*
> *I beg you, do not vote for Jeff Langton.*

9. Respondent's judicial campaign advertisements contain false statements.

10. By his conduct outlined above, Respondent violated Rule 8.1(a), MRPC, as he made, or caused to be made, statements that he knew to be false, or with reckless disregard for the truth, concerning the integrity of a judge.

11. By his conduct outlined above, Respondent violated Rule 8.4(c), MRPC, as he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

## Count Two

12. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 4 through 14 of Count One as if fully restated in this Count Two.

13. Because Respondent was a judicial candidate, Rule 8.2(b), MRPC, requires him to comply with applicable provisions of the Montana Code of Judicial Conduct (MCJC).

14. Rule 4.1(A)(10), MCJC, prohibits candidates from knowingly, or with reckless disregard for the truth, making any false statement.

15. Rule 4.1(B), MCJC, requires a candidate to take reasonable measures to ensure that other persons do not undertake, on behalf of the candidate, any activity prohibited by Rule 4.1(A).

16. The comments to Canon 4, MCJC, state that judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees.

17. Rule 4.2(A)(3), MCJC, requires a candidate to review and approve the content of all campaign statements and materials before their dissemination.

18. Rule 4.2(A)(4), MCJC, requires a candidate to take objectively reasonable measures to ensure that other persons do not undertake on behalf of the candidate any activities prohibited by Rule 4.1.

19. By making, or causing to be made, the judicial campaign advertisements referenced above, Respondent violated Canon 4, MCJC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (20) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 13 day of January, 2017.

*[signature]*
Jon G. Moog
Deputy Disciplinary Counsel

Complaint - Page 6