IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MYERS, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM E. FULBRIGHT, in his official capacity as the County Attorney for Ravalli County; TIMOTHY C. FOX, in his official capacity as Attorney General for the State of Montana, <br><br> Defendants. | CV 17-59-M-DWM-JCL <br><br> ORDER |

Attorney Robert Myers ("Myers") seeks declaratory and injunctive relief in this case. He argues that Montana's criminal defamation statute, Mont. Code Ann. § 45-8-212, violates the Free Speech Clause of the First Amendment, both facially and as applied. (Doc. 1.) Myers seeks to enjoin Defendants William E. Fulbright, County Attorney for Ravalli County, and Timothy C. Fox, Attorney General for the State of Montana, from its enforcement on the grounds that the "'investigation' of Myers' alleged criminal defamation and impending filing of criminal charges is preventing him from preparing his defense against the government's disciplinary

1

proceedings by inhibiting him from speaking to witnesses concerning Judge Langton's misconduct" and "continuing to speak out about Judge Langton's misconduct" and will "chill" witness corroboration of Judge Langton's alleged misconduct. (Doc. 1 at ¶¶ 64, 65, 73.) Myers' request for preliminary injunctive relief (Doc. 8) is denied.

## BACKGROUND

This case arises out of the 2016 campaign for Ravalli County District Judge between Myers and incumbent District Judge Jeffrey Langton. (Doc. 1 at ¶ 1.) Myers made claims during the election that Judge Langton was unfit for office. (*Id.*) During and after the campaign, Montana's Office of Disciplinary Counsel ("ODC"), the state agency established to enforce Montana's Rules of Professional Conduct, filed three complaints against Myers, alleging violations of professional conduct. The first, filed in March 2016, alleged professional misconduct during a divorce matter in which Myers was involved with in 2013 and 2014. (*Id.* at ¶¶ 23-26; Doc. 1-2.) The second, filed July 15, 2016, alleged Myers violated the rules of professional conduct when he made false and misleading campaign statements about Judge Langton.[1] (Doc. 1 at ¶¶ 27-44; Doc. 1-5.) The third, filed January 13,

---

[1] The constitutionality of the rules at issue in this ODC complaint are the subject of a separate lawsuit. *See Myers v. Thompson*, CV 16–45–H–DWM–DLC.

2017, was based on Myers' October 2016 campaign advertisements which alleged that "witnesses had come forward with first-hand knowledge of Langton's drug use but are afraid of retaliation. Fear of retaliation was the primary reason that the recall petition against Langton failed . . . ." (Doc. 1 at ¶¶ 45-54 (internal quotation marks omitted); Doc. 1-9.) Myers' statements are based on three witnesses, Rex Walker, Robert Farmer, and Heather Portner, who generally allege that Judge Langton bought/did drugs, sentenced a youth that sold him drugs (Walker), and drank alcohol with and provided it to minors. (*See* Docs. 1-7, 1-8.)

Judge Langton won the 2016 election. (Doc. 1 at ¶ 50.) Since that time, Myers states he has been preparing his defenses to the ODC complaints, specifically in that he has been "attempting to locate and interview other persons who have witnessed Judge Langton using illegal drugs and other instances of his abuse of power." (*Id.* at ¶ 54.) On May 1, 2017, Detective Garrett Van Hoose of the Missoula County Sheriff's Office contacted Myers and informed him that Judge Langton had filed a criminal defamation complaint against Myers pursuant to § 45-8-212, relating to Myers' October 2016 campaign advertisements. (*Id.* at ¶ 57.) Detective Van Hoose indicated that the complaint had been forwarded from the Ravalli County Sheriff's Office for investigation. (*Id.* at ¶ 58.) Detective Van Hoose also informed Myers that he was seeking to interview Walker, Farmer, and

Portner. (*Id.* at ¶ 61.) Myers alleges that the "investigation" is preventing from preparing his defenses for his ODC proceedings by inhibiting form speaking to witnesses and preventing him from continuing to speak out about Judge Langton's misconduct in violation of the First Amendment. (*Id.* at ¶¶ 64-65.) He requests preliminary injunctive relief. (Doc. 8.)

## ANALYSIS

A preliminary injunction is an extraordinary remedy never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. A plaintiff may be entitled to preliminary relief if he raises "serious questions going to the merits" so long as the balance of hardships tips sharply in his favor and the remaining *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Because Myers fails to show irreparable harm, his motion fails.

Myers brings both facial and as-applied constitutional challenges to Montana Code Annotated § 45-8-212, Montana's criminal defamation statute. That statute provides:

4

(1) Defamatory matter is anything that exposes a person or a group, class, or association to hatred, contempt, ridicule, degradation, or disgrace in society or injury to the person's or its business or occupation.

(2) Whoever, with knowledge of its defamatory character, orally, in writing, or by any other means, including by electronic communication, as defined in 45-8-213, communicates any defamatory matter to a third person without the consent of the person defamed commits the offense of criminal defamation and may be sentenced to imprisonment for not more than 6 months in the county jail or a fine of not more than $500, or both.

(3) Violation of subsection (2) is justified if:
    (a) the defamatory matter is true;
    (b) the communication is absolutely privileged;
    (c) the communication consists of fair comment made in good faith with respect to persons participating in matters of public concern;
    (d) the communication consists of a fair and true report or a fair summary of any judicial, legislative, or other public or official proceedings; or
    (e) the communication is between persons each having an interest or duty with respect to the subject matter of the communication and is made with the purpose to further the interest or duty.

(4) A person may not be convicted on the basis of an oral communication of defamatory matter except upon the testimony of at least two other persons that they heard and understood the oral statement as defamatory or upon a plea of guilty or nolo contendere.

§ 45-8-212. Myers argues that the statute is facially unconstitutional because it does not have an "actual malice" requirement, and that it is also unconstitutional as applied to him because it prevents him from repeating allegations of misconduct against Judge Langton even if those allegations could be corroborated.

5

To warrant preliminary injunctive relief, however, a plaintiff must show that "irreparable harm is likely," not just possible. *Alliance for the Wild Rockies*, 632 F.3d at 1135. Myers fails to do so here. No criminal charges have been filed against Myers and the investigation has not moved beyond the investigatory stage. And, even if charged, the conduct being investigated is not Myers' continued statements and allegations regarding Judge Langton, but his past conduct (which occurred in October 2016). Myers presents no evidence that the defendants have used the threat of criminal charges to stop him from speaking in the present or "chilled" the speech of others. Because Myers fails to show irreparable harm requiring immediate injunctive relief, his motion is denied and the remaining *Winter* elements are not addressed.

## CONCLUSION

Accordingly, IT IS ORDERED that the Myers' motion for preliminary injunctive relief (Doc. 8) is DENIED.

Dated this 6th day of June, 2017.

Donald W. Molloy, District Judge
United States District Court