TIMOTHY C. FOX
Montana Attorney General
MATTHEW T. COCHENOUR
J. STUART SEGREST
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
mcochenour2@mt.gov
ssegrest@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MYERS,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAM E. FULBRIGHT, in his official capacity as the County Attorney for Ravalli County; TIMOTHY C. FOX, in his official capacity as Attorney General for the State of Montana,<br><br>        Defendants. | Cause No. CV 17-59-M-DWM-JCL<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

# INTRODUCTION

Plaintiff Robert Myers filed a complaint against William Fulbright

and Timothy Fox (collectively, the State), in their official capacities as

Montana officials. Doc. 1. The State has moved to dismiss this action based on lack of jurisdiction. Docs. 13-14. Myers did not respond to the State's motion to dismiss within the expanded time granted by this Court, and the State's motion was ripe for ruling on July 10, 2017. *See* Doc. 20. Now, however, Myers has moved for leave to file an amended complaint. *See* Doc. 22. In his motion, he acknowledges that his original complaint's allegations were insufficient and had "shortfalls." Doc. 22 at 2, 4.

The State opposes Myers's motion because his proposed amended complaint fails to cure the infirmities present in the first complaint and does not present a justiciable case or controversy. Thus, allowing Myers to amend would be futile and would result in wasted resources of the parties and this Court. This Court should deny Myers's motion and rule on the pending motion to dismiss.

## STATEMENT OF THE CASE

On May 4, 2017, Robert Myers sued the State, challenging the constitutionality of Mont. Code Ann. § 45-8-212, Montana's criminal defamation statute. To date, Myers has not served the State and, while the State offered to waive formal service, the State has not received a

waiver of service. In addition to filing a complaint, Myers also petitioned the Court for a preliminary injunction. *See* Docs. 8-9.[1]

This Court denied Myers's petition for a preliminary injunction based on Myers's failure to show irreparable harm. Doc. 17 at 6. The Court reasoned:

> No criminal charges have been filed against Myers and the investigation has not moved beyond the investigatory stage. And, even if charged, the conduct being investigated is not Myers' continued statements and allegations regarding Judge Langton, but his past conduct (which occurred in October 2016). Myers presents no evidence that the defendants have used the threat of criminal charges to stop him from speaking in the present or "chilled" the speech of others.

Doc. 17 at 6.

In opposing Myers's petition for preliminary injunction, the State argued, among other things, that Myers could not prevail because he lacked standing and because his case did not present a ripe controversy. Doc. 12 at 12-22. Because standing and ripeness pertain to a court's

---

[1] Because the State has not been served or received a waiver, no answer has been filed. There is a scheduling order in place, however. Doc. 3. Under the scheduling order, the parties have until July 25, 2017, to file a joint discovery plan, a preliminary pretrial statement, and a statement of stipulated facts. Doc. 3 at 2-3. The preliminary pretrial conference is scheduled for August 1, 2017. Doc. 3 at 1.

subject matter jurisdiction, the State also separately moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(h)(3), which require a court to dismiss an action if it determines "at any time" that subject matter jurisdiction is absent in a case. Docs. 13, 14.

The State's motion to dismiss is currently pending before this Court. According to Myers, he did not respond to the State's motion to dismiss because his complaint "did not sufficiently identify a concrete plan to violate the statute listing the who, what, where, and how the Plaintiff actions have been proscribed and how the Plaintiff intended on acting on his First Amendment rights that will proscribed by the statute." Doc. 22 at 2. He asserts that this failure was intentional. *Id*. He also asserts that his proposed amended complaint addresses his first complaint's "shortfalls." It does not.

## ARGUMENT

**This Court should deny Myers's motion for leave to amend his complaint because any amendment would be futile given the speculative nature of Myers's alleged injuries.**

In general, courts "freely" grant requests to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "leave to amend will not be granted where an amendment would be futile."

*Theme Promotions v. News America Marketing FSI*, 546 F.3d 991, 1010 (9th Cir. 2008); *see also, Carvalho v. Equifax Information Services*, 629 F.3d 876, 892-93 (9th Cir. 2010) ("district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, this Court should deny Myers's motion to amend his complaint because his proposed amended complaint does not cure the deficiencies identified in the State's motion to dismiss and because any amendment would be futile. The State moved to dismiss because Myers lacks standing and failed to bring a ripe claim. *See* Doc. 14. Myers's decision to not respond to the State's motion is a tacit acknowledgement that the State's motion has merit. *See* Doc. 22 at 2. As the State argued in its briefing, Myers lacks standing because his claims of injury are linked to the existence of an investigation, but an investigation does not amount to a constitutional injury. *See* Doc. 14 at 6 (discussing *Laird v. Tatum*, 408 U.S. 1 (1972)).

Further, Myers's claims relating to the possibility of future criminal charges are speculative. To establish standing, it is not enough for Myers to allege the *possibility* of criminal charges; rather, Myers must show a "*genuine* threat of *imminent* prosecution." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (emphasis in original and citation omitted). Myers has demonstrated no imminent prosecution. Rather, as this Court recognized, no criminal charges have been filed and the investigation has not passed the investigatory stage. Doc. 17 at 6.[2] That has not changed.

The amended complaint does not resolve Myers's standing problems. Doc. 22-1. While Myers's legal theories for his lawsuit may have changed, his "injuries" have not. Myers still asserts that the "investigation" will chill witnesses. *See* Doc. 22-1 at 19. And he continues to rely on the possibility of criminal charges. *See* Doc. 22-1

---

[2] In its brief supporting dismissal, the State correctly informed the Court that any investigation was being handled by the Missoula County Sheriff's department and that "[n]either of the named defendants, or their offices, are conducting the alleged investigation." Doc. 14 at 10. The investigation is now being handled by the Prosecution Services Bureau of the Attorney General's office. Accordingly, while the State maintains that Myers has suffered no injury that a court decision could redress, which are the first and third required elements for standing, the State withdraws its arguments concerning the second standing element related to the defendants' investigative role.

at 5 ("Myers is therefore asking this Court to promptly strike down Montana's criminal defamation statute as unconstitutional not only to prevent himself from being illegally prosecuted in a criminal proceeding, but to prevent his witnesses to testify without subjecting them to being charged with criminal defamation.").

Myers's claimed injuries related to an investigation and his speculation about the possibility of future criminal charges are not the concrete, actual injuries that Article III requires. *See Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (an "injury in fact" is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *Laird*, 408 U.S. at 10 (no federal jurisdiction where a complainant "alleges that the exercise of his First Amendment rights is being chilled by the mere existence, without more, of a governmental investigative and data-gathering activity" that is allegedly broader than necessary).

Myers asserts that he has added additional details about his future speech and how that speech will violate the criminal defamation

statute. *See* Doc. 22 at 2. But his allegations do nothing to make hypothetical criminal charges any more concrete. Myers's assertion that his intended future speech "would subject him to a *subsequent* charge" of criminal defamation, *see* Doc. 22-1 at 3 (emphasis added), ignores that there has been no *initial* charge related to his past speech. As this Court recognized, the investigation is based upon past conduct, not future conduct. Doc. 17 at 6. Given that the possibility of criminal charges based on Myers's past speech is conjectural, it should go without saying that the possibility of charges based on something Myers hasn't said is even more conjectural.

Further, the reason that pre-enforcement plaintiffs have standing is because their intended speech would be prohibited. *Compare e.g.*, *Libertarian Party of Los Angeles County v. Bowen*, 709 F.3d 867, 869-70 (9th Cir. 2013) (plaintiffs refrained from intended conduct because it was prohibited by the California Elections Code and they feared enforcement), *with Lopez*, 630 F.3d at 792 (student who challenged a college sexual harassment policy had not satisfied the injury-in-fact requirement because he had failed to show how the policy would apply to his intended speech.)

But Myers continues to assert that his allegations against Judge Langton are true. Doc. 22-1 at 11. If so, then Myers's speech is not prohibited by the criminal defamation statute. *See* Mont. Code Ann. § 45-8-212(3)(a) (defamation justified if "the defamatory matter is true"); *State v. Helfrich*, 922 P.2d 1159, 1162 (Mont. 1996) ("as a matter of state constitutional law, truth alone is sufficient as a defense—an absolute defense.")

Moreover, in determining whether "so-called 'pre-enforcement plaintiffs'" have standing, the Ninth Circuit considers whether they have "failed to show a reasonable likelihood that the government will enforce the challenged law against them." *Lopez*, 630 F.3d at 786. Here, Myers's challenge to the criminal defamation statute is based on his views that criminal defamation lacks an actual malice component and that he can be charged with defamation regardless of whether his statements are true or false. *See* Doc. 22 at 1-2. But, as the State explained in its preliminary injunction briefing, for criminal defamation related to a public official, the State would have to allege and prove actual malice—that is, that a person made a statement knowing it was false or with reckless disregard to its truth or falsity. *See* Doc. 12 at 26.

Myers dismisses the State's position as a nonbinding "promise," but that is an inaccurate characterization. The State was not promising anything; rather, it was presenting a constitutional interpretation of the criminal defamation statute pursuant to the Montana Supreme Court's rules of statutory construction. *See* Doc. 12 at 26-33 (discussing statutory interpretation of defamation statutes). Given this interpretation, Myers cannot reasonably claim that the State could prosecute him for defamation without alleging actual malice. At a minimum, Myers—who bears the burden of proving standing—has "failed to show a reasonable likelihood that the government will enforce the challenged law against" him without alleging actual malice. *Lopez*, 63.0 F.3d at 786. Thus, Myers has no standing as a pre-enforcement plaintiff.

In sum, Myers's motion to amend his complaint should be denied because his proposed amended complaint does not cure the deficiencies identified in the State' motion to dismiss and because any amendment would be futile. Additionally, the State asks that the Court dismiss this action under Fed. R. Civ. P. 12(h)(3), which requires a court to dismiss

an action if "the court determines at any time that it lacks subject-matter jurisdiction."

## CONCLUSION

This Court should deny Myers's motion for leave to amend his complaint and dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted this 21st day of July, 2017.

>TIMOTHY C. FOX
>Montana Attorney General
>MATTHEW T. COCHENOUR
>J. STUART SEGREST
>Assistant Attorneys General
>215 North Sanders
>P.O. Box 201401
>Helena, MT 59620-1401
>
>By:   */s/ Matthew T. Cochenour*
>       MATTHEW T. COCHENOUR
>       Assistant Attorney General
>       Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  July 21, 2017    */s/  Matthew T. Cochenour*
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(E), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 1,923 words, excluding certificate of service and certificate of compliance.

*/s/ Matthew T. Cochenour*
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendants