TIMOTHY C. FOX
Montana Attorney General
MATTHEW T. COCHENOUR
J. STUART SEGREST
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
mcochenour2@mt.gov
ssegrest@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MYERS,<br><br>          Plaintiff,<br><br>   v.<br><br>WILLIAM E. FULBRIGHT, in his official capacity as the County Attorney for Ravalli County; TIMOTHY C. FOX, in his official capacity as Attorney General for the State of Montana,<br><br>          Defendants. | Cause No. CV 17–59–M–DWM–JCL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**<u>PREFACE</u>**

Plaintiff's Amended Complaint (Doc. 32) contains numerous

allegations that are legal claims and conclusions. To the extent Plaintiff

has pleaded "legal conclusions couched as factual allegations," those

allegations are insufficient under Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009); *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir.
2014). Courts do not accept the truth of legal conclusions merely because
they are presented as factual allegations. *Doe v. Holy See*, 557 F.3d
1066, 1073 (9th Cir. 2009).

## FIRST DEFENSE

With respect to the numbered allegations contained in Plaintiff's
First Amended Complaint, Defendants William E. Fulbright, in his
official capacity as the Ravalli County Attorney, and Timothy C. Fox, in
his official capacity as the Montana Attorney General, admit, deny, and
allege as follows:

1.    In response to Paragraph 1, Defendants admit that the Office
of Disciplinary Counsel filed complaints against Robert Myers (Myers)
related to his 2016 judicial campaign. Defendants lack sufficient
knowledge or information to admit or deny whether any complaints were
initiated at anyone's "behest"; therefore, the allegation that a complaint
"came at the behest of Judge Langton" is denied. The allegation that the
ODC is a State agency is a legal conclusion, which requires no response.
To the extent a response is required, Defendants deny the allegations.
The remainder of the paragraph constitutes Plaintiff's characterization

of his Complaint and this action, which do not require a response. To the extent a response is required, Defendants deny the allegations.

2.      In response to Paragraph 2, Defendants admit that Plaintiff published campaign advertisements, but deny the characterizations of them or that they were "corroborated." The Montana Supreme Court has entered orders of discipline describing Myers's claims about his judicial opponent as "false," "reckless," and "unsubstantiated." *See e.g.*, *In the Matter of Robert C. Myers*, PR 17-0026 (Dec. 28, 2017).

3.      In response to Paragraph 3, Defendants admit that ODC filed a complaint against Myers. Defendants are without sufficient knowledge or information as to the truth of the remaining allegations and therefore deny the allegations.

4.      In response to Paragraph 4, Defendants admit that a Missoula County Sheriff's detective contacted Myers about statements made during his 2016 campaign. Defendants are without sufficient knowledge or information as to Myers's actions and therefore deny those allegations.

5.      In response to Paragraphs 5, 6, 7, and 8, Defendants refer to the cited statute for its content and deny the allegations to the extent

they state otherwise. These paragraphs are not allegations of fact, but legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6.    In response to Paragraph 9, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

7.    Paragraphs 10 and 11 constitute legal claims or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

8.    In response to Paragraph 12, Defendants are without sufficient knowledge or information as to Myers's subjective reasons for taking particular actions in his disciplinary cases and therefore deny the allegations. This paragraph also contains legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

9.    In response to Paragraph 13, Defendants are without sufficient knowledge or information as to the truth of the allegations contained in the first sentence, and therefore deny the allegations. Regarding the second sentence, Defendants are without sufficient

knowledge or information as to Myers's subjective reasons for taking

particular actions in his disciplinary cases and therefore deny the

allegations. Defendants deny that the cited exhibit is attached to the

amended complaint (Doc. 32).

10.    In response to Paragraph 14, Defendants are without

sufficient knowledge or information as to the truth of the allegations and

therefore deny the allegations.

11.    In response to Paragraph 15, Defendants deny.

12.    Paragraph 16 constitutes legal claims or conclusions, which

do not require a response. To the extent a response is required,

Defendants deny the allegations.

13.    In response to Paragraph 17, Defendants are without

sufficient knowledge or information as to the truth of the allegations and

therefore deny the allegations.

14.    Paragraphs 18, 19, and 20 constitute legal claims or

conclusions, which do not require a response. Defendants refer to the

cited statute for its content and deny the allegations to the extent they

state otherwise. To the extent any further response is required,

Defendants deny the allegations.

15.    Paragraph 21 constitutes Plaintiff's characterizations of his Complaint and this action, which do not require a response. To the extent a response is required, Defendants deny the allegations.

16.    In response to Paragraphs 22 and 23, Defendants admit that this Court has personal jurisdiction in this action and that venue is proper in the Missoula Division. Defendants deny that subject matter jurisdiction exists because Plaintiff has failed to present a justiciable controversy as required by Article III of the United States Constitution.

16.    In response to Paragraph 24, Defendants admit that Myers has an address in Ravalli County. Defendants deny that Myers is licensed to practice law in Montana.

17.    In response to Paragraphs 25 and 26, Defendants admit that William Fulbright is the County Attorney for Ravalli County and that Timothy Fox is the Montana Attorney General. Defendants admit having authority as established by law and that this is brought against them only in their official capacity.

18.    In response to Paragraph 27, Defendants admit that Judge Langton was a 2016 judicial candidate in Ravalli County and that he was seeking reelection.

19.    In response to Paragraph 28, admit.

20.    In response to Paragraph 29, admit.

21.    In response to Paragraph 30, Defendants admit that Myers ran campaign advertisements against Judge Langton. Defendants deny the remaining characterizations and allegations of the paragraph.

22.    In response to Paragraph 31, Defendants admit that Judge Langton was disciplined in September 2005 and publicly reprimanded in October 2005.

23.    In response to Paragraph 32, deny.

24.    In response to Paragraphs 33, 34, 35, and 36, Defendants are without sufficient knowledge or information as to the truth of the allegations and hearsay statements contained in the paragraph, and therefore deny the remaining allegations.

25.    In response to Paragraph 37, Defendants admit that ODC filed a complaint against Myers on April 22, 2016.

26.    In response to Paragraph 38, deny.

27.    In response to Paragraph 39, Defendants refer to the cited document for its content and deny the allegations to the extent they state otherwise.

28.     In response to Paragraph 40, Defendants admit that ODC filed a complaint against Myers on April 22, 2016. Defendants are without sufficient knowledge or information as to the truth of whether ODC "waited" to file a complaint, and therefore deny the remaining allegations.

29.     In response to Paragraph 41, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

30.     Paragraph 42 characterizes content contained in the document cited in Paragraph 43. Defendants refer to the document cited in Paragraph 43 for its content and deny the allegations to the extent they state otherwise.

31.     In response to Paragraph 43, deny.

32.     In response to Paragraph 44, admit.

33.     In response to Paragraph 45, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

34.     In response to Paragraph 46, Defendants refer to the cited portion of the hearing transcript and the cited letter for their content and deny the allegations to the extent they state otherwise.

35.     In response to Paragraph 47, deny.

36.     In response to Paragraph 48, Defendants admit that Myers filed a federal lawsuit on June 6, 2016. Defendants refer to the cited document for its content and deny the paragraph's characterization of the lawsuit to the extent it states otherwise.

37.     In response to Paragraph 49, admit.

38.     In response to Paragraph 50, deny.

39.     In response to Paragraph 51, Defendants refer to the cited document for its content and deny the allegations to the extent they state otherwise.

40.     In response to Paragraphs 52 and 53, Defendants admit that Myers filed a second amended complaint on September 12, 2016. Defendants refer to the cited document for its content and deny the paragraph's characterization of the lawsuit to the extent it states otherwise.

41.    In response to Paragraphs 54 and 55, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Defendants note that the case cited has been resolved with District Judge Donald W. Molloy entering judgment in favor of the ODC. *See Myers v. Cotter*, 2017 U.S. Dist. LEXIS 150226 (D. Mont. Sept. 15, 2017) (appeal dismissed, *Myers v. Cotter*, No. 17-35846, Doc. 9 (9th Cir. Mar. 1, 2018)).

42.    In response to Paragraph 56, Defendants refer to the cited document for its content and deny the allegations to the extent they state otherwise.

43.    In response to Paragraph 57, deny.

44.    In response to Paragraph 58, Defendants refer to the cited document for its content and deny the allegations to the extent they state otherwise.

45.    Paragraph 59 characterizes content contained in the document cited in Paragraph 60. Defendants refer to the document cited in Paragraph 60 for its content and deny the allegations to the extent they state otherwise.

46.    In response to Paragraph 60, deny.

47.    Paragraph 61 characterizes content contained in the document cited in Paragraph 62. Defendants refer to the document cited in Paragraph 62 for its content and deny the allegations to the extent they state otherwise.

48.    In response to Paragraph 62, deny.

49.    In response to Paragraph 63, Defendants admit that one of Myers's ads included this language, but clarify that the ad was referring to allegations in one of Myers's federal cases. *See* Doc. 1-9 at 3.

50.    In response to Paragraph 64, admit.

51.    In response to Paragraph 65, Defendants admit that ODC filed a complaint against Myers on January 13, 2017. Defendants refer to the cited document for its content and deny the allegations to the extent they state otherwise.

52.    In response to Paragraph 66, deny.

53.    In response to Paragraphs 67 and 68, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Defendants note that the disciplinary case cited has been resolved with the Montana Supreme Court's Order of

Discipline in *In the Matter of Robert C. Myers*, PR 17-0026 (Dec. 28, 2017) (disbarring).

54.    In response to Paragraph 69, Defendants are without sufficient knowledge or information regarding the date of the phone message and therefore deny that allegation. Defendants admit the remaining allegations.

55.    In response to Paragraphs 70, 71, 72, 73, 74, 75, 76, and 77, admit.

56.    In response to Paragraph 78, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Defendants specifically deny that Myers's fear of prosecution is "real and reasonable."

57.    In response to Paragraph 79, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

58.    In response to Paragraph 80, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

59.    Paragraph 81 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations. Defendants are without sufficient knowledge or information as to the truth of the allegations related to Myers's "desire" and therefore deny the allegations.

60.    Part of Paragraph 82 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations. Defendants are without sufficient knowledge or information as to the truth of the allegations related to Myers's "reports," or his desire to speak, and therefore deny the allegations.

61.    In response to Paragraph 83, Defendants are without sufficient knowledge or information as to the truth of the allegations related to Myers's intentions and therefore deny the allegations. Additionally, Paragraph 83 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

62.    In response to Paragraph 84, Defendants are without sufficient knowledge or information as to the truth of the allegations and

therefore deny the allegations. Additionally, Paragraph 84 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

63.    In response to Paragraph 85, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

64.    In response to Paragraph 86, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Additionally, Paragraph 86 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

65.    In response to Paragraph 87, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Additionally, Paragraph 87 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

66.    In response to Paragraph 88, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Additionally, Paragraph 88 constitutes a

legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

67.     In response to Paragraph 89, 90, 91, 92, 93, 94, and 95, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations.

68.     In response to Paragraph 96, Defendants incorporate Paragraphs 1-67 by reference.

69.     In response to Paragraph 97, Defendants refer to the cited statute for its content and deny the allegations to the extent they state otherwise.

70.     In response to Paragraphs 98, 99, and 100, deny.

71.     In response to Paragraph 101, Defendants incorporate Paragraphs 1-70 by reference.

72.     In response to Paragraph 102, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Additionally, Paragraph 102 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

73.     In response to Paragraph 103, Defendants are without sufficient knowledge or information as to the truth of the allegations and therefore deny the allegations. Additionally, Paragraph 103 constitutes a legal claim or conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations.

76.     In response to Paragraph 104, deny.

The remainder of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is necessary. To the extent a response is necessary, Defendant denies that Plaintiff is entitled to relief on any claim alleged in the Amended Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies every allegation in the Amended Complaint (Doc. 32).

## AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

2.      Defendants did not subject Plaintiff, or cause Plaintiff to be subjected, to any violation of constitutional rights.

3.      Defendants are not "persons" subject to suit under 42 U.S.C. § 1983.

4.      Plaintiff is not entitled to an award of nominal damages against Defendants. *Association of American Physicians & Surgeons v. Brewer*, 486 F.3d 586, 589 (9th Cir. 2007).

5.      Defendants are entitled to qualified immunity.

6.      Defendants are immune from liability, either directly or derivatively, based upon absolute or qualified prosecutorial immunity, or quasi-prosecutorial immunity.

7.      Defendants are immune from liability as provided in Mont. Code Ann. § 2-9-305.

8.      Defendants are not civilly liable for their actions as provided in Mont. Code Ann. § 2-9-103.

9.      Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991).

10.     Plaintiff lacks standing to assert the causes of action and claims of which he complains.

11.    Plaintiff's causes of action and claims are not ripe.

Defendants reserve the right to amend this Answer to allege new and additional defenses as they might arise or become known through discovery or further investigation.

## PRAYER FOR RELIEF

Based on these answers and affirmative defenses, Defendants respectfully request the Court to enter a judgment as follows:

(a)    Dismissing the Complaint with prejudice;

(b)    Denying Plaintiff's request for relief;

(c)    Awarding such further relief as the Court may find to be just and equitable.

Respectfully submitted this 14th day of March 2018.

TIMOTHY C. FOX
Montana Attorney General
MATTHEW  T. COCHENOUR
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

By:    /s/ *Matthew T. Cochenour*
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system. Additionally, Plaintiff will be served by electronic means at robertcmyers@outlook.com.

Dated:  March 14, 2018          */s/  Matthew T. Cochenour*
                                      MATTHEW T. COCHENOUR
                                      Assistant Attorney General
                                      Counsel for Defendants