

**FILED**

MAR 1 8 2019

Clerk, U.S. District Court
District Of Montana
Missoula

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ROBERT MYERS, | CV 17–59–M–DWM–JCL |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| WILLIAM E. FULBRIGHT, in his official capacity as the County Attorney for Ravalli County; TIMOTHY C. FOX, in his official capacity as Attorney General for the State of Montana, | |
| Defendants. | |

Pro se Plaintiff Robert Myers seeks declaratory and injunctive relief,

alleging Montana's criminal defamation statute, Montana Code Annotated

§ 45–8–212, is unconstitutional on its face and as applied under the United States

Constitution. Defendants William Fulbright and Timothy Fox (the "State") have

moved for summary judgment on all claims. (Doc. 52.) United States Magistrate

1

Judge Jeremiah Lynch recommends the State's motion be granted and the case dismissed. (Doc. 67.) Myers filed untimely objections,[1] (Doc. 71), to which the State responded, (Doc. 72). Myers is entitled to *de novo* review of the specific findings and recommendations he identified in his objections, 28 U.S.C. § 636(b)(1), while the remaining findings and recommendations are reviewed for clear error, *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Myers raises six objections to Judge Lynch's findings, arguing it was error to (1) judicially construe the statute to include an actual malice standard; (2) conclude that there was not an intent element, which made the statute ambiguous; (3) apply Montana's reasonable doubt burden of proof; (4) ignore Myers's vagueness argument; (5) assume the statute as written does not conflict with First Amendment precedent; and (6) fail to address the constitutionality of the claims presented in his Response to Summary Judgment, (Doc. 62). (Doc. 71.) Myers is

---

[1] Objections were originally due December 24, 2018. *See* 28 U.S.C. § 636(b)(1)(C). On that date, Myers sought and received an extension of the deadline to include January 11, 2019. (*See* Docs. 69, 70.) Myers filed his objections on January 12. (*See* Doc. 71.)

a disbarred lawyer proceeding on his own behalf. Despite his legal background, his pro se status requires his filings be construed liberally, *see Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003), complicating review of his objections. In light of his status, Myers' objections are considered specific enough to elicit de novo review in those areas identified. Ultimately, § 45–8–212 is substantially overbroad because it does not include an actual malice requirement, *see N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *Garrison v. Louisiana*, 379 U.S. 64, 67 (1964), and its overbreadth cannot be cured by a narrowing interpretation. Accordingly, the Court need not address his remaining objections.

A defamatory statement must be "made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times*, 376 U.S. at 279–80; *see also Garrison*, 379 U.S. at 78. Myers argues that the Montana law is facially invalid because it does not include an "actual malice" requirement. Montana's criminal defamation law provides:

(1) Defamatory matter is anything that exposes a person or a group, class, or association to hatred, contempt, ridicule, degradation, or disgrace in society or injury to the person's or its business or occupation.

(2) Whoever, with knowledge of its defamatory character, orally, in writing, or by any other means, including by electronic communication, as defined in 45-8-213, communicates any defamatory matter to a third person without the consent of the person defamed commits the offense of criminal defamation and may be sentenced to imprisonment for not

3

more than 6 months in the county jail or a fine of not more than $500, or both.

(3) Violation of subsection (2) is justified if:
(a) the defamatory matter is true;
(b) the communication is absolutely privileged;
(c) the communication consists of fair comment made in good faith with respect to persons participating in matters of public concern;
(d) the communication consists of a fair and true report or a fair summary of any judicial, legislative, or other public or official proceedings; or
(e) the communication is between persons each having an interest or duty with respect to the subject matter of the communication and is made with the purpose to further the interest or duty.

(4) A person may not be convicted on the basis of an oral communication of defamatory matter except upon the testimony of at least two other persons that they heard and understood the oral statement as defamatory or upon a plea of guilty or nolo contendere.

Mont. Code Ann. § 45-8-212.

In considering whether Montana's criminal defamation statute is facially overbroad, the Court must "proceed with caution and restraint." *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216 (1975). Hence, it "should not be deemed facially invalid unless it is not readily subject to a narrowing construction by the state courts and its deterrent effect on legitimate expression is both real and substantial." *Id.* (citations omitted); *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). In the First Amendment context, "a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473

4

(2010) (internal quotation marks omitted). Substantial overbreadth does not exist if the statute's application can "be cured through case-by-case analysis of the fact situations to which its sanctions . . . may not be applied," *Broadrick*, 413 U.S. at 615–16, and "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court," *Bd. of Airport Comn'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 574 (1987) (quoting *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984)). Because Myers challenges a state statute, Montana's rules of statutory construction apply. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 (9th Cir. 2013).

First, the Court must presume that when the Montana Legislature enacts or amends a statute it is aware of existing law, including court decisions interpreting statutes. *Swanson v. Hartford Ins. Co. of Midwest*, 46 P.3d 584, 588 (Mont. 2002). The two primary Supreme Court cases addressing the "actual malice" requirement, *New York Times v. Sullivan* and *Garrison v. Louisiana*, were issued in 1964. Thus, when Montana enacted § 45–8–212 in 1973, it is presumed to have been aware of these cases. However, the 1973 statute was based on the 1962 version of the Minnesota Criminal Code, *see* 9 Annotations to the MCA 634 (2018), which did not consider *New York Times* or *Garrison*. Moreover, in 1996, the Montana Supreme Court held that the statute was unconstitutionally overbroad for including

5

language that prevented truth from being an absolute defense. *See State v. Helfrich*, 922 P.2d 1159 (Mont. 1996) (addressing § 45–8–212(3)(a)). The Legislature was forced to amend the statute in 1997 to remove the offending language.[2] As a result, the Legislature's omnipotence as to the state of the law has been enervated in this context.

Second, statutes are presumed to be constitutional and courts must "construe statutes narrowly to avoid an unconstitutional interpretation if feasible." *City of Great Falls v. Morris*, 134 P.3d 692, 695 (Mont. 2006). In doing so, statutes must be read "as a whole, without isolating specific terms from the context in which they are used by the Legislature." *Id.* (internal quotation marks omitted). Nevertheless, criminal regulation of First Amendment expression is subject to exacting review. *Montana v. Ytterdahl*, 721 P.2d 757, 759 (Mont. 1986); *Gooding v. Wilson*, 405 U.S. 518, 522 (1972); *see City of Houston v. Hill*, 482 U.S. 451, 459 (1987) ("Criminal statutes must be scrutinized with particular care[.]"). "In the construction of a statute, the office of the judge is simply to ascertain and declare

---

[2] While Myers did not object to Judge Lynch's determination that the statute does not improperly make truth an affirmative defense, the recent decision *City of Missoula v. Shumway* may raise a question whether § 45–8–212(3)(a) remains appropriately drafted. *See* 434 P.3d 918, 922 (Mont. 2019) (holding that where an exception to a criminal statute is situated separately from the enacting clause, the exception is to be proven by the defense). As discussed below, Minnesota's defamation statute, § 609.765 (2018), was redrafted to remove subsection (3)(a) by incorporating falsity into subsection (2).

6

what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Mont. Code Ann. § 1–2–101. Thus, when interpreting a statute, courts must first look to the plain meaning of the statute and should look no further if the plain meaning clearly conveys the intent behind the statute. *Farmers All. Mut. Ins. Co. v. Holeman*, 924 P.2d 1315, 1317 (Mont. 1996). Moreover, Supreme Court precedent does not "authorize[] a court in interpreting a statute to depart from its clear meaning." *United States v. Sullivan*, 332 U.S. 689, 693 (1948). Here, the explicit terms of § 45–8–212 do not include an actual malice requirement. Recognizing the indefensibility of such broad language, the State argues for a narrowing interpretation that includes the requisite mental state. The question then is whether "actual malice" is contained "in substance" in the Montana statute. *See* § 1–2–101.

Prior Montana Supreme Court decisions may narrow the application of a statute to within constitutional bounds. *Gooding*, 405 U.S. at 524; *Smith v. Goguen*, 415 U.S. 566, 575 (1974) (reviewing state jurisprudence for "a narrowing state court interpretation"). Yet, Montana has never specifically held that § 45–8–212 is limited to situations involving "actual malice." *But see generally Helfrich*, 922 P.2d 1159 (addressing a constitutional challenge to § 45–8–212(3)(a)). The closest it has come was in a civil defamation case in 1996. *See Roots v. Mont. Human Rights Network*, 913 P.2d 638, 640 (Mont. 1996).

Therein, the Court stated, "A public figure cannot recover damages upon a claim for defamation without a showing of actual malice." *Id.* (citing *N.Y. Times*, 376 U.S. at 279–80). However, this passing reference does not show that the Court has "by construction limited the proscription" of the offending criminal statute at issue here. *Gooding*, 405 U.S. at 524.

Having established that the Montana Supreme Court has not yet read "actual malice" into § 45–8–212, the next question is whether it could do so. The Montana Supreme Court has previously read constitutional standards into criminal cases involving "fighting words" under the First Amendment. *See City of Whitefish v. O'Shaughnessy*, 704 P.2d 1021, 1027 (Mont. 1985) (narrowly construing city ordinance to apply only "to words that have a direct tendency to violence," i.e., "fighting words"); *State v. Lance*, 721 P.2d 1258, 1266 (Mont. 1986) (narrowly construing intimidation statute to require "true threat"). However, the statutes in question included the basic element or phrase at issue, providing an arguably ambiguous starting point from which the Court could apply a narrowing construction. Here, the statute at issue does not mention "actual malice" or falsity. That omission also distinguishes this case from that of *Phelps v. Hamilton*, a Tenth Circuit case addressing Kansas's criminal defamation statute. *See* 59 F.3d 1058 (10th Cir. 1995). The Kansas statute at issue in *Phelps* read:

>    (1) Criminal defamation is maliciously communicating to a person
>        orally, in writing, or by any other means, false information tending
>        to expose another living person to public hatred, contempt or
>        ridicule, or to deprive him of the benefits of public confidence and
>        social acceptance, or tending to degrade and vilify the memory of
>        one who is dead and to scandalize or provoke his living relatives
>        and friends.
>
>    (2) In all prosecutions under this section the truth of the information
>        communicated shall be admitted as evidence. It shall be a defense
>        to a charge of criminal defamation if it is found that such matter was
>        true.
>
>    (3) Criminal defamation is a class A misdemeanor.

*Id.* at 1070 (quoting Kan. Stat. Ann. § 21-4004 (1988)). Notably, the statute contains both the words "maliciously" and "false." Thus, in *Phelps*, when the Tenth Circuit construed the statute to require "actual malice" it was interpreting statutory language that included the ambiguous terms. 59 F.3d at 1072. Here, the Montana statute does not include such language for interpretation.

As a result, *State v. Turner*, a case involving a constitutional challenge to Minnesota's criminal defamation statute, provides better guidance. *See* 864 N.W.2d 204 (Minn. 2015). Montana's criminal defamation statute was originally based on the Minnesota statute and the two were originally very similar. *See* Crim. Law Comm'n Comments to § 45-8-212, 9 Annotations to the MCA 634 (2018). As was the case in *Helfrich*, the Minnesota Supreme Court struck down the portion of its defamation statute that prevented truth from being an absolute defense. *Turner*, 864 N.W.2d at 211. However, the *Turner* court went a step further,

9

addressing the omission of an actual malice requirement. The Court held that the statute was unconstitutional and that it could not be narrowly interpreted to include the absent mental state because to do so "would constitute a serious invasion of the legislative domain." *Id.* (quoting *Stevens*, 559 U.S. at 401). Following *Turner*, the Minnesota Legislature amended its criminal defamation statute to add a scienter requirement based on a matter's "false" character. *See* 2016 Minn. Laws Ch. 126, § 8 p. 6.[3] Such legislative amendment is necessary here.

---

[3] That statute now reads:

**Subdivision 1. Definition**. Defamatory matter is anything which exposes a person or a group, class or association to hatred, contempt, ridicule, degradation or disgrace in society, or injury to business or occupation.

**Subd. 2. Acts constituting**. Whoever with knowledge of its false and defamatory character orally, in writing or by any other means, communicates any false and defamatory matter to a third person without the consent of the person defamed is guilty of criminal defamation and may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

**Subd. 3. Justification.** Violation of subdivision 2 is justified if:

(1) the communication is absolutely privileged; or

(2) the communication consists of fair comment made in good faith with respect to persons participating in matters of public concern; or

(3) the communication consists of a fair and true report or a fair summary of any judicial, legislative or other public or official proceedings; or

(4) the communication is between persons each having an interest or duty with respect to the subject matter of the communication and is made with intent to further such interest or duty.

**Subd. 4. Testimony required.** No person shall be convicted on the basis of an oral communication of defamatory matter except upon the testimony of at least two other persons that they heard and understood the oral statement as defamatory or upon a plea of guilty.

As was discussed in *Phelps*, there is an argument that a general mens rea statute could provide the necessary scienter. 59 F.3d at 1072; *Osborne v. Ohio*, 495 U.S. 103, 115 (1990) (an absent mens rea requirement may be "cured by another law that plainly satisfies . . . [the] element of scienter"). Title 45 of the Montana Code includes a general mental state provision, stating that for most offenses (excluding deliberate homicide), "a person acts while having one of the mental states of knowingly, negligently, or purposely." *See* Mont. Code Ann. § 45–2–103(1). This provision is not a saving grace for § 45–8–212, however, because "actual malice" is a unique mental state that could not be achieved by reading a "knowingly, negligently, or purposely" requirement into the statute.

Based on the foregoing, a functional narrowing construction of Montana's criminal defamation statute is not feasible. The concern here is that "no recognition is given the reckless disregard and knowing falsity standard mandated by New York Times and Garrison [sic]." *Commonweatlh v. Armao*, 286 A.2d 626, 632 (Penn. 1972). And to read such a requirement into the statute goes beyond mere judicial activity to "judicial legislation." *Id.* The Court cannot "rewrite a law to conform it to constitutional requirements." *Stevens*, 559 U.S. at 481 (internal quotation marks and alteration omitted). And, "[t]o read [§ 45–8–212] as the

---

Minn. Stat. § 609.765 (2018).

11

[State] desires requires rewriting, not just reinterpretation." *Id.*; *see also State v. Lenio*, Cause No. 15-40, Eleventh Judicial District of the State of Montana, Flathead County, Order and Rationale on Motion to Dismiss (Doc. 12-1 at 12 (Judge Ulbricht holding that reading "actual malice" into the statute "would constitute a serious invasion of the legislative domain" and ultimately finding § 45–8–212 overbroad) (quoting *Stevens*, 559 U.S. at 481)).

With respect to Judge Lynch's view, I reluctantly disagree. Because § 45–8–212 is unconstitutionally overbroad, I do not address Myers' remaining arguments, including his alleged vagueness claim. That said, as the line between knowledge and ignorance becomes even more nuanced in the age of electronic communications and social media, specific statutory guidance is imperative. *See O'Shaughnessy*, 704 P.2d at 1025–26; *Smith*, 415 U.S. at 573–74, 78; *Stevens*, 559 U.S. at 480.

Based on the foregoing, IT IS ORDERED that the State's motion (Doc. 52) is DENIED. Montana statute § 45–8–212 is facially unconstitutional. Because the State has had a full and fair opportunity to address the salient issues, summary judgment is GRANTED in favor of Myers. Fed. R. Civ. P. 56(f)(1); *see Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 553 (9th Cir. 2003) (upholding *sua sponte* grant of summary judgment in favor of nonmovant where the movant's filing of its own summary judgment motion addressed the issues upon which

12

summary judgment was granted).  The Clerk is directed to enter judgment in favor

of Myers and against the State and close the case file.

DATED this 18th day of March, 2019.

Donald W. Molloy, District Judge
United States District Court